## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| LEONID SHIFRIN, | ) |
| | ) Case No. 12-22722 MER |
| Debtor. | ) Chapter 7 |
| | ) |
| | ) |
| _____ | ) |
| | ) |
| HARVEY SENDER, Chapter 7 Trustee | ) |
| | ) Adv. Proc. No. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MOVERS CONNECTION INC., FATHER AND | ) |
| SONS MOVERS, INC., KRIS MARTINEZ, | ) |
| MICHAEL SARRIS, ERIC SHELDON, MICHAEL | ) |
| DUPREE and SOFIA SHIFRIN, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## COMPLAINT

Harvey Sender, as Chapter 7 Trustee (the "Trustee"), by and through counsel, for his

Complaint (this "Complaint"), states:

## I.  PARTIES, JURISDICTION AND VENUE

1.     On June 17, 2012 (the "Petition Date"), the Debtor Leonid Shifrin (the "Debtor") commenced a voluntary proceeding under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

2.     Plaintiff Harvey Sender is an individual and the duly appointed Chapter 7 trustee (the "Trustee") in the bankruptcy case of the Debtor, Court File No. 12-22722 MER (the "Bankruptcy Case").   The Trustee was appointed in the Debtor's Bankruptcy Case on the Petition Date.

3.     Defendant Movers Connection Inc. is a Colorado corporation formed by Kris Martinez on or about October 14, 2012.  Kris Martinez was the registered agent for Movers Connection, Inc. at the time of the company's formation.  On August 16, 2013, Defendant Sofia Shifrin, the Debtor's mother, became the registered agent for Movers Connection, Inc.

4.     Defendant Father and Sons Movers, Inc. is a Delaware corporation formed by Kris Martinez on or about October 5, 2012.  Kris Martinez registered Father and Sons Movers, Inc., to do business in the State of Colorado on January 7, 2013.   The Company Corporation, 2711 Centerville Rd. Suite 400, Wilmington, Delaware, is the registered agent of Father and Sons Movers, Inc. in Delaware.  Kris Martinez is the registered agent of Father and Sons Movers, Inc., in Colorado.

5.     Movers Connection Inc. and Father and Sons Movers Inc. are collectively referred to herein as the "Post-Petition Moving Companies."  On information and belief, Defendant Kris Martinez formed the Post-Petition Moving Companies at the direction of the Debtor for the purpose of concealing assets of the Debtor from the Trustee.  Kris Martinez testified that the

2

Post-Petition Moving Companies operated as one company.  The Debtor provided Kris Martinez certain documents relating to the formation and incorporation of the Post-Petition Moving Companies by email dated October 14, 2012.

6.      Defendant Kris Martinez is an individual who resides at 17075 Carlson Dr., Apt. 1124, Parker Colorado.   Kris Martinez formed and incorporated the Post-Petition Moving Companies to continue to conceal and carry out the Debtor's financial affairs and business operations after the Petition Date.  Kris Martinez is a recipient of post-petition transfers from the Post-Petition Moving Companies.

7.      Defendant Sofia Shifrin is the Debtor's mother and resides at 11692 East Baltic Place, Aurora, Colorado.  Sofia Shifrin purported to transfer assets and sell a portion of her ownership interest in one of the Debtor's Companies, 67th Avenue, Inc., to Kris Martinez for $100,000, and is an authorized signer on several accounts of the Post-Petition Moving Companies.

8.      Defendant Eric Sheldon is an individual who resides at 9394 E. Atlantic Place, Denver, Colorado.  Defendant Eric Sheldon is an authorized signer on accounts opened in the name of the Post-Petition Moving Companies and a recipient of post-petition transfers from the Post-Petition Moving Companies.

9.      Defendant Michael Sarris is an individual who resides at 6395 E. Minnesota Drive, Denver Colorado.  Defendant Michael Sarris caused multiple bank accounts to be opened in the name of the Post-Petition Moving Companies, is an authorized signer on those accounts, and on information and belief was a former manager and employee of the Post-Petition Moving

3

Companies and, on information and belief, a recipient of post-petition transfers from the Post-Petition Moving Companies.

10.     Defendant Michael Dupree is the current registered agent of Movers Connection, Inc., pursuant to records of the Colorado Secretary of State.  Defendant Michael Dupree is an individual who resides at 8940 Lilly Street, Thornton Colorado and, on information and belief, a recipient of post-petition transfers from the Post-Petition Moving Companies.

11.     Defendants Kris Martinez, Eric Sheldon, Michael Sarris, Michael Dupree, and Sofia Shifrin are referred to herein as the "Individual Defendants."

12.     The United States Bankruptcy Court for the District of Colorado (this "Court") has jurisdiction under 28 U.S.C. §§ 157(a) and (b)  and §§ 1334(a) and (b), and the automatic referral of bankruptcy matters from the United States District Court for the District of Colorado under D. Colo. L. Civ. R 84.1.

13.     Venue is proper in this Court under 28 U.S.C. § 1409.

14.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (H), and/or (O).

## II.     GENERAL ALLEGATIONS

15.     This action arises out of efforts of the Debtor and the Individual Defendants to continue operating a moving company owned and controlled by the Debtor after the Petition Date, in violation of 11 U.S.C. § 549, including a purported (but fictional) transfer of assets and sale of stock of one of the Debtor's moving companies to Kris Martinez.

16.     The Individual Defendants, at the direction of the Debtor, formed and operated the Post-Petition Moving Companies to continue the Debtor's ongoing financial affairs following

4

the Petition Date, all with the intent to hinder, delay and defraud creditors of the Debtor, including but not limited to the State of Colorado and the United States of America.

17.     The Individual Defendants actively participated in, facilitated, and aided the Debtor's intentional efforts to hinder, delay and defraud the creditors of the Debtor, through the formation and operation of the Post-Petition Moving Companies, which at a minimum collectively received and subsequently transferred $490,532.93 of monies after the Petition Date, all of which were due and owing the Debtor (through his fraudulent entities further described herein) and were therefore property of the estate.  On information and belief, the Individual Defendants received a portion of those unauthorized post-petition transfers.

18.     At all times relevant to the Trustee's claims, the Debtor's Companies identified herein, and the Post-Petition Moving Companies, served as and were alter-egos of the Debtor and were used for the purpose of concealing assets of the Debtor.

19.     Pursuant to the claims set forth herein, the Trustee seeks entry of an order voiding the purported transfer of assets sale of shares of 67th Avenue Inc. to Kris Martinez, and holding that the Post-Petition Moving Companies are alter egos of the Debtor that were formed in violation of 11 U.S.C. § 549 in an ongoing effort of the Debtor to conceal assets and property of the estate, and authorizing the recovery by the Trustee of  all property received by the Post-Petition Moving Companies, avoiding all post-petition transfers of property of the estate to the Individual Defendants, and ordering an accounting and turnover of all property of the estate received by, and transferred by, the Post-Petition Moving Companies.

5

## III.    THE POST-PETITION TRANSFERS

**A.    The Debtor's Pre-Petition Tax Fraud Case.**

20.     Prior to the Petition Date, Debtor was the defendant in a federal criminal tax fraud case in the United States District Court for the District of Colorado, Court File No. 10-cr-00215 (the "Tax Fraud Case").

21.     The Debtor pleaded guilty in March 2011 in the Tax Fraud Case to one count of filing a false income tax return.

22.     The Debtor was sentenced on September 20, 2012.  On January 24, 2013, an Amended Judgment was entered in favor of the United States and against the Debtor in the amount of $873,340, which the Debtor is required to pay to the United States in restitution.

23.     During the Tax Fraud Case, the Debtor stipulated and agreed that beginning in 2002 the Debtor began to form corporations and receive payments and income in the name of either the corporations or his father, Mark Shifrin, and titled assets and bank accounts in names other than his own, including the corporations and his father, in order to conceal income, assets and his financial affairs.

**B.    The Debtor's Pre-Petition CCPA Enforcement Action.**

24.     Prior to the Petition Date, the Debtor was a defendant in a state court civil action brought by the State of Colorado alleging violations of the Colorado Consumer Protection Act (the "CCPA Action").

25.     The State of Colorado filed the CCPA Action on February 14, 2008.

26.     On April 20, 2011, the Denver County District Court entered a money judgment against the Debtor and in favor of the State of Colorado in the cumulative amount of

6

$2,380,009.40.   The judgment also was entered against Mortgage Planning and Lending Specialists, Ltd., Wholesale Mortgage Lending, LLC, Shifrin, Inc., and CBA Inc. (the "CCPA Co-Defendants").

27.     The Denver County District Court found that the Debtor was the "leader, organizer, owner and/or boss of all operations" of the CCPA Co-Defendants, and "the evidence clearly and convincingly demonstrated that the Debtor was the directing force of the operation and had control or input into every aspect of the scheme."

28.     In addition to the money judgment entered in favor of the State of Colorado, the Denver County District Court enjoined the Defendant from participating in the mortgage lending and mortgage brokerage industries.

29.     The State of Colorado and the United States of America are both creditors of the Debtor, as that term is defined under Colorado's Uniform Fraudulent Transfer Act ("CUFTA"), Colorado Revised Stat. § 38-8-102.

**C.     The Debtor Forms Numerous Alter-Ego Companies Following Commencement of the CCPA Action to Continue the Debtor's Business Operations During the CCPA Action, Shield Assets and Avoid the Judgments Entered in Favor of the State of Colorado and the United States.**

30.     After the Debtor was named a Defendant in the CCPA Action in 2008, from 2009 through the Petition Date, the Debtor caused the following companies to be formed and/or registered in the State of Colorado, all of which are collectively referred to herein as "the "Debtor's Companies."   The Debtor also set up numerous new trade names for the Debtor's Companies, each of which had a common registered principal place of business at 8400 E. Crescent Parkway, #150, Greenwood Village, Colorado or at the residence of the Debtor's

7

mother or father.   Specifically, the Debtor's Companies (and their respective trade names) that were formed and/or registered after the commencement of the CCPA Action and during the Tax Fraud Case are as follows:

| Entity | CO Formation / Registration Date | Registered Agent | Principal Place of Business |
|---|---|---|---|
| Glasgow Inc. d/b/a Colonial Financial Inc. | 12/16/2009 | Sofia Shifrin | 8400 E. Crescent Parkway, #150, Greenwood Village, CO<br><br>11692 E. Baltic Place, Aurora, CO  (Sofia Shifrin's residence) |
| Glasgow Sales Inc. | 8/29/2011 | Eric Sheldon | 8400 E. Crescent Parkway, #150, Greenwood Village, CO |
| USWSL Group Inc. d/b/a 5280 Motors Inc. | 4/2/2007, registered to do business as 5280 Motors Inc. on 11/8/2011 | Mark Shifrin | 8400 E. Crescent Parkway, #150, Greenwood Village, CO<br><br>1624 S. Fairplay St., Aurora CO (Mark Shifrin's residence) |
| USXLP Inc. d/b/a Nice Neighbor Movers Inc. | 2/4/2009 | Sofia Shifrin | 11692 E. Baltic Place, Aurora, CO  (Sofia Shifrin's residence) |
| 67th Avenue Inc. d/b/a 67th Avenue Movers Inc. / Neighbors Moving / Father and Sons Moving / Neighbors Moving | 1/5/2010 | Jason Price / Sofia Shifrin | 8400 E. Crescent Parkway, #150, Greenwood Village, CO<br><br>5303 E. 47th Ave., Unit N., Denver CO |
| 67th Inc. d/b/a 67th Avenue Movers Inc., 67th Avenue Logistics Inc., Father and Sons Moving, Neighbors Moving | 12/1/2009 | Qilly Yankovich (Shifrin) / Sofia Shifrin | 8400 E. Crescent Parkway, #150, Greenwood Village, CO<br><br>11692 E. Baltic Place, Aurora, CO  (Sofia Shifrin's residence) |

8

31.     On September 21, 2012, the Denver County District Court held that the assets and property of the Debtor's Companies were, in fact, property of the Debtor.  The Denver County District Court expressly found that the assets and property of the Debtor's Companies (including all trade names and doing business names) and joint accounts of Mark Shifrin, Sofia Shifrin, and Qilly Shifrin with the Debtor are the property of the Debtor.

32.     To prevent the disposition of assets over which the Debtor had control, the court enjoined the Debtor and the above entities, and the Debtor's family members from transferring any property of the Debtor.  The Denver County District Court further ordered that the Debtor's accounts, the accounts of the Debtor's Companies, and all jointly held accounts by the Debtor, the Debtor's Companies, and Mark Shifrin, Sofia Shifrin, and Qilly Shifrin, be frozen as of September 21, 2012.

33.     On or about October 23, 2012, the Debtor and Defendants Sofia Shifrin, Kris Martinez, and Eric Sheldon all received notice of the Denver County District Court's ruling that the Debtor's Companies were property of the Debtor and that they were enjoined from transferring assets of the Debtor.

34.     In September 2013, the Denver County District Court specifically found that following the Debtor's commencement of the Bankruptcy Case, Kris Martinez had knowledge of the Asset Freeze Order and fined Kris Martinez and the Post-Petition Moving Companies for violating Denver County District Court's Order.

D.      **The Unauthorized Formation of the Post-Petition Moving Companies, the opening of the Post-Petition Accounts, and the Post-Petition Transfers.**

35.      Despite the September 21, 2012, Order of the Denver County District Court, and likely as a direct result of that order and in anticipation of that order, the Debtor and Sofia Shifrin caused and directed Kris Martinez to form the Post-Petition Moving Companies to continue the business of certain of the Debtor's Companies, including but not limited to 67th Ave. Inc.

36.      On October 5, 2012, a certificate of incorporation of Father and Sons Movers, Inc., was filed with the Delaware Secretary of State, identifying Kris Martinez as the registered agent.   A Statement of Foreign Entity Authority of Father and Sons Movers, Inc., was registered with the Colorado Secretary of State on January 7, 2013, by Kris Martinez.

37.      On October 14, 2012, the Debtor emailed Kris Martinez formation documents to be filed with the Colorado Secretary of State.   On October 14, 2012, Kris Martinez filed Articles of Incorporation of Movers Connection Inc. with the Colorado Secretary of State.

38.      In addition, Sofia Shifrin and Kris Martinez entered into a purported transfer of assets sale of shares of 67th Ave. Inc. for the purchase price of $100,000, dated October 30, 2012.  Neither Kris Martinez nor the Post-Petition Moving Companies paid any money or gave any consideration relating to the transaction or the purported sale of shares.

39.      Defendants Sofia Shifrin, Eric Sheldon, Kris Martinez and Michael Sarris caused to be opened at least 5 new bank accounts in the name of the Debtor's Companies and the Post-Petition Moving Companies after the Petition Date.   An itemization of known accounts that were opened post-petition (collectively referred to herein as the "Post-Petition Accounts") and

10

were affiliated with the Debtor's Companies and the Post-Petition Moving Companies is set forth below:

| Account | Accountholder Name | Date Opened | Authorized Signers |
|---|---|---|---|
| Vectra Bank Acct. No. 6097 | 67th Ave. Inc. d/b/a Father & Sons d/b/a Neighbors Moving | 9/24/12 | Sofia Shifrin<br>Eric Sheldon<br>Kris Martinez |
| TCF Bank Acct. No. 3780 | Father & Sons Inc. | 11/8/12 | Kris Martinez<br>Sofia Shifrin<br>Michael Sarris |
| TCF Bank Acct. No. 3783 | Movers Connection | 10/23/12 | Kris Martinez<br>Sofia Shifrin<br>Michael Sarris |
| ANB Bank Acct. No. 6685 | Movers Connection, Inc. | 1/4/2013 | Kris Martinez<br>Michael Sarris |
| ANB Bank Acct. No. 6775 | Father and Sons Movers Inc. | 1/8/2013 | Kris Martinez<br>Michael Sarris |

40.     On November 24, 2012, Debtor specifically directed Kris Martinez, Mark Shifrin, and Qilly Shifrin to coordinate with David Price and Doug Winkler to set up even more post-petition accounts related to the Debtor's Companies.  All together, in addition to the above-identified Post-Petition Accounts, the Debtor caused others to open more than twenty bank accounts after the Petition Date to facilitate the ongoing concealment of assets of the Debtor and to avoid the terms of the Denver County District Court's Order and Amendment to Judgment and Asset Freeze.  Post-petition, the Debtor (or individuals acting at his direction or on his behalf) continued the disregard of corporate form and caused at least 170 inter-company transfers in excess of $1,500,000 to occur between at least 13 accounts in the names of the Debtor's Companies.

11

41.     Through the use of the Post-Petition Moving Companies and the Post-Petition Accounts, the Debtor engaged in post-petition transfers of property of the estate in violation of 11 U.S.C. § 549.

42.     In sum, and as set forth on Exhibit 1 hereto, at least $490,532.93 was received by the Post-Petition Moving Companies and the Individual Defendants after the Petition Date through the use of the Post-Petition Accounts (the "Moving Company Post-Petition Transfers").

43.     As set forth on Exhibit 2, Eric Sheldon individually received post-petition transfers of property of the estate from accounts in the name of the Debtor's Companies in the amount of $2,250 (the "Sheldon Post-Petition Transfers").

44.     As set forth on Exhibit 3, Kris Martinez individually received post-petition transfers of property of the estate from accounts in the name of the Debtor's Companies in the amount of $9,764.04 (the "Martinez Post-Petition Transfers").

45.     On October 10, 2012, approximately $24,169.20 was withdrawn from the Vectra Bank Account in the name of 67th Avenue Moving and Storage, Inc. d/b/a Father and Sons Moving (the "Vectra Post-Petition Transfer").   The authorized signers and individuals capable of withdrawing those funds were Sofia Shifrin, Eric Sheldon, or Kris Martinez.

46.     On information and belief, the Individual Defendants (including Michael Sarris and Michael Dupree) received additional transfers of property of the estate from the Post-Petition Moving Companies in addition to those identified herein after the Petition Date.

47.     The Moving Company Post-Petition Transfers, the Sheldon Post-Petition Transfers, the Martinez Post-Petition Transfers, and the Vectra Post-Petition Transfer are

12

collectively referred to herein as the "Post-Petition Transfers" and all constituted property of the estate and property of the Debtor at the time received.

48.     The Post-Petition Transfers were not authorized by the Bankruptcy Code or the Bankruptcy Court, and constitute unauthorized transfers of property of the estate in violation of 11 U.S.C. § 549.

49.     The Trustee reserves the right to pursue all additional, unauthorized, post-petition transfers of property of the estate received by Defendants, as such additional amounts are discovered and confirmed by the Trustee, including but not limited to additional transfers received through the Post-Petition Moving Companies.

## FIRST CLAIM FOR RELIEF
### Piercing of Corporate Veil / Alter-Ego
### (Post-Petition Moving Companies)

50.     The Trustee incorporates all of the prior allegations of this Complaint as if fully set forth herein.

51.     At all times relevant to the Trustee's claims, each of the Post-Petition Moving Companies are and were the alter egos of the Debtor Leo Shifrin.

52.     The Court therefore should disregard the legal fiction of the corporate existence of the Post-Petition Moving Companies, piece the corporate veil of each, and adjudge that the Post-Petition Moving Companies are in fact Leo Shifrin and the acts complained of herein, and the transfers made to the Individual Defendants, were made by the Debtor Leo Shifrin, and the monies received by the Post-Petition Moving Companies and the Individual Defendants were property of the estate.

13

53.     The Trustee is entitled to an equitable order piercing the corporate veils of the Post-Petition Moving Companies and determining that those companies are the alter egos of the Debtor Leo Shifrin.

## SECOND CLAIM FOR RELIEF
### Accounting and Turnover
### 11 U.S.C. § 542

54.     The Trustee incorporates all of the prior allegations of this Complaint as if fully set forth herein.

55.     The books, records, assets and property of the Post-Petition Moving Companies, including proceeds and income generated by the Post-Petition Moving Companies, are property of the estate pursuant to Section 541 of the Bankruptcy Code.

56.     On information and belief, as the registered or otherwise authorized agents of the Post-Petition Moving Companies, the Individual Defendants and the Debtor's Companies are in possession, custody and control of the books and records of the Debtor and the Debtor's Companies.

57.     The Post-Petition Moving Companies and the Individual Defendants are in possession, custody or control of property of the estate that the Trustee may use, sell or lease.

58.     Pursuant to 11 U.S.C. § 542, the Trustee is entitled to judgment against the Individual Defendants and the Post-Petition Moving Companies directing turnover of all property and assets of the Debtor, the Debtor's Companies and the Post-Petition Moving Companies, as well as any proceeds derived therefrom, and the books and records of the Debtor's Companies and the Post-Petition Moving Companies.

14

**THIRD CLAIM FOR RELIEF**
**Avoidance of Post-Petition Transfers**
**11 U.S.C. §§ 549(a) and 550**

59.     The Trustee incorporates all of the prior allegations of this Complaint as if fully set forth herein.

60.     Pursuant to 11 U.S.C. § 549(d), any action brought pursuant to 11 U.S.C. § 549 is timely if commenced within two years of the date of the transfer sought to be avoided.

61.      After the Petition Date and the commencement of the Bankruptcy Case, the Post-Petition Moving Companies and the Individual Defendants received the Post-Petition Transfers, which constituted transfers of property of the Debtor.

62.      The Bankruptcy Court did not authorize the Post-Petition Transfers.

63.     The Post-Petition Transfers were not authorized by the provisions of the Bankruptcy Code.

64.     The Debtor made (or caused to be made) the Post-Petition Transfers to the Post-Petition Moving Companies and the Individual Defendants.

65.     At all times relevant to the Trustee's claims, the Post-Petition Moving Companies were the alter-egos of the Debtor or, alternatively, the initial transferees of the Post-Petition Transfers.

66.     At all times relevant to the Trustee's claims, the Individual Defendants were the initial transferees of the Post-Petition Transfers and, alternatively, the immediate or mediate transferees of the Post-Petition Transfers.

15

67.     The Post-Petition Moving Companies and Individual Defendants did not take the Post-Petition Transfers for value, did not receive the Post-Petition Transfers in good faith, and had actual knowledge of the voidability and fraudulent nature of the Post-Petition Transfers.

### FOURTH CLAIM FOR RELIEF
#### Avoidance and Recovery of Fraudulent Transfers
#### 11 U.S.C. §§ 544(b), 550 and CUFTA (Actual Fraud)

68.     The Trustee incorporates all of the prior allegations of this Complaint as if fully set forth herein.

69.     Pursuant to Colo. Rev. Stat. § 38-8-110(1)(a), a cause of action to avoid an intentionally fraudulent transfer is timely if commenced either within four years, or, if later, within one year after the fraudulent transfer could reasonably have been discovered by the plaintiff.  Pursuant to 11 U.S.C. § 546(a)(1)(A), any action brought pursuant to 11 U.S.C. § 544 is timely if commenced within two years after an order for relief is entered.

70.     The Post-Petition Transfers were made with actual intent to hinder, delay or defraud the Debtor's creditors, including, without limitation, the State of Colorado and the United States of America.

71.     At all relevant times, there were and are one or more creditors who held and hold unsecured claims against the Debtor that are allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e).

72.     The Debtor made (or caused to be made) the Post-Petition Transfers to the Post-Petition Moving Companies and the Individual Defendant.

73.     At all times relevant to the Trustee's claims, the Post-Petition Moving Companies were the alter-egos of the Debtor or, alternatively, the initial transferees of the Post-Petition Transfers.

74.     At all times relevant to the Trustee's claims, the Individual Defendants were the initial transferees of the Post-Petition Transfers and, alternatively, the immediate or mediate transferees of the Post-Petition Transfers.

75.     The Post-Petition Moving Companies and the Individual Defendants did not take the Post-Petition Transfers for value, did not receive the Post-Petition Transfers in good faith, and had actual knowledge of the voidability and fraudulent nature of the Fraudulent Transfers.

76.     The Post-Petition Transfers are fraudulent transfers avoidable and recoverable under 11 U.S.C. §§ 544, 550 and CUFTA, § 38-8-105(1)(a) and (1)(b); § 38-8-106(1).

**FIFTH CLAIM FOR RELIEF**
**Avoidance and Recovery of Fraudulent Transfers**
**11 U.S.C. §§ 544(b), 550 and CUFTA (Constructive Fraud)**

77.     The Trustee incorporates all of the prior allegations of this Complaint as if fully set forth herein.

78.     Pursuant to Colo. Rev. Stat. § 38-8-110(1)(a), a cause of action to avoid an intentionally fraudulent transfer is timely if commenced either within four years, or, if later, within one year after the fraudulent transfer could reasonably have been discovered by the plaintiff.  Pursuant to 11 U.S.C. § 546(a)(1)(A), any action brought pursuant to 11 U.S.C. § 544 is timely if commenced within two years after an order for relief is entered.

17

79.     The Debtor received less than reasonably equivalent value in exchange for the Post-Petition Transfers.

80.     The Debtor was either insolvent on the date of the Post-Petition Transfers or was about to engage in business or transactions for which the remaining property of the Debtor was unreasonably small and the Debtor believed that he could not pay his debts as they became due as a result of the Post-Petition Transfers, or intended to incur, or believed that the Debtor would incur, debts beyond the Debtor's ability to pay such debts as they became due.

81.     The Debtor made (or caused to be made) the Post-Petition Transfers to the Post-Petition Moving Companies and the Individual Defendants.

82.     At all times relevant to the Trustee's claims, the Post-Petition Moving Companies were the alter-egos of the Debtor or, alternatively, the initial transferees of the Post-Petition Transfers.

83.     At all relevant times, there were and are one or more creditors who held and hold unsecured claims against the Debtor that are allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e).

84.     At all times relevant to the Trustee's claims, the Individual Defendants were the initial transferees of the Post-Petition Transfers and, alternatively, the immediate or mediate transferees of the Post-Petition Transfers.

85.     The Post-Petition Moving Companies and the Individual Defendants did not take the Post-Petition Transfers for value, did not receive the Post-Petition Transfers in good faith, and had actual knowledge of the voidability and fraudulent nature of the Post-Petition Transfers.

DOCS-#4213540-v1

86.     The Post-Petition Transfers are fraudulent transfers avoidable and recoverable under 11 U.S.C. §§ 544, 550 and CUFTA, § 38-8-105 (1)(b); § 38-8-106(1).

**SIXTH CLAIM FOR RELIEF**
**Unjust Enrichment**

87.     The Trustee realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

88.     At all times relevant hereto, all funds received by defendants were inextricably intertwined with the Debtor's scheme to defraud his creditors and were derived from monies fraudulently obtained and concealed by the Debtor.

89.     Defendants, as the recipients of fraudulently obtained proceeds, including the Post-Petition Transfers, have no right or legitimate claim to any monies received from the Debtor, either directly or indirectly through the Debtor's use of the Post-Petition Moving Companies or the Debtor's Companies.

90.      Defendants knowingly received the monies, were unjustly enriched through their receipt of the fraudulently obtained monies to the detriment of the creditors of the Debtor, and in equity and good conscience must be required to repay the monies received.

91.     Defendants would be unjustly enriched to the extent they are allowed to retain the monies and proceeds received from the Debtor.

92.     Defendants must, therefore, in equity be required to disgorge all monies received from the Debtor, so as to allow the Trustee to distribute equitably any such ill-gotten gains among all creditors of the Debtor.

19

WHEREFORE, the Debtor respectfully requests entry of judgment on this Complaint against the Defendants as follows:

1.  On Count I – Piercing of Corporate Veil / Alter-Ego, that as a matter of law and equity, at all times relevant hereto, the Post-Petition Moving Companies were alter egos of the Debtor, the very purpose of which was to defraud creditors of the Debtor and to avoid and hinder detection of the Debtor's assets by the creditors; and that as a result the Trustee is entitled to pierce each of the Post-Petition Moving Companies; each of the Post-Petition Moving Companies shall be treated as the Debtor for all intents and purposes, and the assets of the Debtor made available to the creditors of the Debtor and the Trustee for all purposes;

2.  On Count II – Accounting and Turnover, pursuant to 11 U.S.C. § 542, order an accounting of the Post-Petition Transfers, including their use and disposition of all funds received and the turnover of property of the Post-Petition Moving Companies to the Trustee;

3.  On Count III – Post-Petition Transfers, pursuant to 11 U.S.C. §§ 549, 550, and 551, (a) avoiding and preserving the Post-Petition Transfers free and clear from any claimed interest of defendants, (b) directing that the Post-Petition Transfers be set aside, (c) recovering such Post-Petition Transfers in an amount to be determined from defendants for the benefit of the estate, and (d) recovering prejudgment and post-judgment interest, attorneys' fees, and costs from defendants;

4.  On Count IV – Fraudulent Transfers (Actual Fraud), pursuant to 11 U.S.C.

20

§§ 544(b), 550(a), 551, and Colo. Rev. Stat. § 38-8-105(1)(a), (a) avoiding and preserving the Post-Petition Transfers free and clear from any claimed interest of defendants, (b) directing that the Post-Petition Transfers be set aside, (c) recovering such Post-Petition Transfers in an amount to be determined from defendants for the benefit of the estate, and (d) recovering prejudgment and post-judgment interest, attorneys' fees, and costs from defendants;

5.   On Count V – Fraudulent Transfers (Constructive Fraud), pursuant to 11 U.S.C. §§ 544(b), 550(a), 551, and Colo. Rev. Stat. § 38-8-105(1)(b) and § 38-8-106(1), (a) avoiding and preserving the Post-Petition Transfers free and clear from any claimed interest of defendants, (b) directing that the Post-Petition Transfers be set aside, (c) recovering such Post-Petition Transfers in an amount to be determined from defendants for the benefit of the estate, and (d) recovering prejudgment and post-judgment interest, attorneys' fees, and costs from defendants;

6.   On Count VI – Unjust Enrichment/Equitable Disgorgement, as against all Defendants, declaring and ordering that the Trustee shall recover all monies received by defendants, directly or indirectly, from the fraud perpetrated by the Debtor through the Debtor's Companies and the Post-Petition Moving Companies, and that the Defendants shall be liable to the bankruptcy estate in an amount equal to all monies received and shall be required to disgorge the same for the equitable distribution to the creditors of the Debtor;

7.   On all claims for relief, awarding the Trustee all applicable interest (including prejudgment and post-judgment interest), attorneys' fees, costs, and

disbursements in this action; and

8.     On all claims for relief, granting the Trustee such other, further, and different relief as the Court deems just, proper, and equitable, including the establishment of a constructive trust over the proceeds of the transfers identified herein.

Dated this 13th day of June, 2014.

**LINDQUIST & VENNUM L.L.P.**

By:  __/s/ Kirstin D. Kanski_____
       John C. Smiley, #16210
       Kirstin D. Kanski, #0346676 (MN)
       Stephanie A. Kanan, #42437
600 17th Street, Suite 1800 South
Denver, Colorado 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
E-mail: jsmiley@lindquist.com
E-mail: kkanski@lindquist.com
E-mail: skanan@lindquist.com

*Counsel for Harvey Sender, as Chapter 7 Trustee*

22

**Exhibit 1**

| Statement Ended | Bank Name | Account Name | Total Monthly Deposits |
|---|---|---|---|
| 9/28/2012 | Vectra Bank | 67th Avenue Moving and Storage/Fathers and Sons Moving/Neighbors Moving | $5,941.12 |
| 10/31/2012 | TCF National Bank | Movers Connection Inc | $100.00 |
| 10/31/2012 | Vectra Bank | 67th Avenue Moving and Storage/Fathers and Sons Moving/Neighbors Moving | $114,818.88 |
| 11/30/2012 | TCF National Bank | Movers Connection Inc | $31,522.59 |
| 11/30/2012 | TCF National Bank | Father And Sons Inc | $7,250.68 |
| 11/30/2012 | Vectra Bank | 67th Avenue Moving and Storage/Fathers and Sons Moving/Neighbors Moving | $45,590.67 |
| 12/31/2012 | TCF National Bank | Movers Connection Inc | $38,444.01 |
| 12/31/2012 | TCF National Bank | Father And Sons Inc | $27,914.97 |
| 12/31/2012 | Vectra Bank | 67th Avenue Moving and Storage/Fathers and Sons Moving/Neighbors Moving | $15,182.25 |
| 1/31/2013 | ANB | Movers Connection Inc | $25,669.57 |
| 1/31/2013 | ANB | Father And Sons Movers Inc | $9,410.35 |
| 1/31/2013 | TCF National Bank | Movers Connection Inc | $8,588.99 |
| 1/31/2013 | TCF National Bank | Father And Sons Inc | $7,872.07 |
| 1/31/2013 | Vectra Bank | 67th Avenue Moving and Storage/Fathers and Sons Moving/Neighbors Moving | $21,400.00 |
| 2/28/2013 | ANB | Movers Connection Inc | $31,780.23 |
| 2/28/2013 | ANB | Father And Sons Movers Inc | $13,484.16 |
| 3/29/2013 | ANB | Movers Connection Inc | $5,378.82 |
| 3/29/2013 | ANB | Father And Sons Movers Inc | $11,982.40 |
| 4/30/2013 | ANB | Movers Connection Inc | $11,743.05 |
| 4/30/2013 | ANB | Father And Sons Movers Inc | $23,741.86 |
| 5/31/2013 | ANB | Movers Connection Inc | $6,471.51 |
| 5/31/2013 | ANB | Father And Sons Movers Inc | $3,615.00 |
| 6/28/2013 | ANB | Movers Connection Inc | $22,629.75 |
| Grand Total | | | $490,532.93 |

DOCS-#4213540-v1

**Exhibit 2**

| Eric Sheldon Transfers | | | | |
|---|---|---|---|---|
| Date | Entity | Bank | Account Number | Amount |
| 6/18/2012 | USWSL Group Inc | US Bank | 103679313553 | $1,250.00 |
| 9/4/2012 | USWSL Group Inc | US Bank | 103679313553 | $1,000.00 |
| Total | | | | $2,250.00 |

24

**Exhibit 3**

| Kris Martinez Transfers | | | | |
|---|---|---|---|---|
| Date | Entity | Bank | Account Number | Amount |
| 10/29/2012 | Glasgow Inc | Wells Fargo | 9740883500 | $1,250.00 |
| 11/23/2012 | Glasgow Inc | Wells Fargo | 9740883500 | $1,246.15 |
| 11/26/2012 | USWSL Group Inc | Wells Fargo | 6915024621 | $1,200.00 |
| 12/7/2012 | Glasgow Inc | Wells Fargo | 9740883500 | $1,246.15 |
| 12/21/2012 | Glasgow Inc | Wells Fargo | 9740883500 | $1,246.15 |
| 1/11/2013 | 5280 Inc | Wells Fargo | 5868893677 | $3,575.59 |
| Total | | | | $9,764.04 |

DOCS-#4213540-v1